

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00284-CV

WILLIE JACKSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, pro se Appellant Willie Jackson complains that he was denied procedural due process in connection with a court order directing prison officials to withdraw $350 from his inmate account. We will affirm.

Jackson entered an open plea of guilty in October 2012 to possession of a controlled substance. The trial court sentenced him to four years' confinement

---

[1]See Tex. R. App. P. 47.4.

but suspended imposition of the sentence and placed him on community supervision for four years. In February 2013, the State filed a petition to revoke Jackson's community supervision, alleging that he had violated several terms and conditions of his supervision. On March 13, 2013, the trial court signed a judgment revoking Jackson's community supervision and sentencing him to two years' confinement.[2] A Bill of Cost from the Tarrant County District Clerk was attached to the judgment and provided that Jackson owed reparations, or "Probation Fees," in the amount of $350. Consistent with the Bill of Cost, the judgment required Jackson to pay reparations in the amount of $350. A March 13, 2013 order, which was incorporated into the judgment, directed the Texas Department of Criminal Justice (TDCJ), pursuant to government code section 501.014, to withdraw $350 from Jackson's account (according to a particular payment plan) and to forward the money to the Tarrant County District Clerk as payment for the reparations that he owes.

In July 2013, Jackson filed a "Motion to Dissolve Writ," arguing that his due process rights had been violated because "garnishment proceedings" were commenced and funds were withdrawn from his inmate account before he was notified of, and had an opportunity to contest, the order to withdraw funds. The trial court denied the motion.

---

[2]The judgment reflects that the sentence was imposed on March 8, 2013.

"In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) (West Supp. 2013). Further, "[o]n notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection." Tex. Gov't Code Ann. § 501.014(e) (West 2012).

Here, the trial court complied with the code of criminal procedure by including the amount of reparations owed by Jackson in the judgment revoking his community supervision, and TDCJ followed through with the trial court's section 501.014 order and withdrew funds from Jackson's inmate account. Jackson, however, argues that he was denied his procedural due process rights to notice and an opportunity to be heard[3] because he did not learn about the order to withdraw funds from his inmate account until several months after it had been signed and because he did not have an opportunity to contest the order before funds were withdrawn from his account. The State directs us to *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), a case in which the supreme court considered what process is due an inmate when a government code section 501.014(e) order is issued, and responds that Jackson's due process rights were not violated.

---

[3]*See* U.S. Const. amend. XIV, § 2; Tex. Const. art. I, § 19.

Walter Harrell pleaded guilty to drug offenses in 1997 and 2003, and in 2006, the convicting court issued orders directing TDCJ to withdraw $748 from Harrell's inmate account to pay for court costs and appointed-counsel fees related to the earlier proceedings. *Id.* at 317. The court sent Harrell copies of its withdrawal orders, and Harrell moved to rescind them on the grounds that he was denied due process. *Id.* The trial court denied Harrell's motion, and the court of appeals dismissed for want of jurisdiction. *Id.* After clarifying that it had jurisdiction over the civil matter, the supreme court observed that prisoners like Harrell have a property interest in their inmate accounts, and it proceeded to balance the three factors announced by the United States Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903 (1976), to determine what amount of process Harrell was due. *Harrell*, 286 S.W.3d at 317–21. The supreme court held that due process entitles an inmate to receive notice and an opportunity to be heard—"but neither need occur before the funds are withdrawn." *Id.* at 321. Indeed, "[t]he Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Id.* The supreme court rendered judgment affirming the trial court's order denying Harrell's motion.

Here, the order directing TDCJ to withdraw funds from Jackson's inmate account was entered on the same day that the trial court signed the judgment revoking Jackson's community supervision and was incorporated into the judgment. Even if Jackson was unaware of the contents of his own judgment of

4

conviction and did not have notice of the section 501.014(e) order at that time, he obviously received notice of the order at a later date because he filed a motion to dissolve it, which the trial court considered and denied. Jackson's primary complaint is that he neither had notice of the withdrawal order nor an opportunity to contest it until *after* funds were withdrawn from his inmate account, but "due process is satisfied if the inmate receives notice and the opportunity to be heard *after* funds are withdrawn." *Id.* at 316 (emphasis added). Because Jackson had, at a minimum, post-withdrawal notice of the withdrawal order and a hearing, he received all that due process requires. *See id.* at 321; *see also Slaven v. State*, Nos. 02-11-00297-CV, 02-11-00300-CV, 02-11-00303-CV, 02-11-00298-CV, 02-11-00301-CV, 02-11-00304-CV, 02-11-00299-CV, 02-11-00302-CV, 02-11-00305-CV, 2012 WL 5535603, at *2 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (mem. op.) (reasoning similarly). Accordingly, we overrule Jackson's only issue and affirm the trial court's order denying Jackson's motion to dissolve the withdrawal order.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED: June 5, 2014

5